UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

REVEREND KEITH LESLIE CYRIL MANCINI, et al.,

                         Plaintiffs,

  v.                                                 9:19-CV-0039
                                                          (BKS/DEP)

SCHENECTADY COUNTY JAIL,

                         Defendant.
_____

APPEARANCES:

KEITH LESLIE CYRIL MANCINI
Plaintiff, pro se
19-A-0321
Downstate Correctional Facility
Fishkill, NY 12524

JOSHUA SANTIAGO
Plaintiff, pro se
54211
Schenectady County Jail
320 Veeder Ave.
Schenectady, NY 12307

SHANNON NISBY
48783
Schenectady County Jail
320 Veeder Ave.
Schenectady, NY 12307

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

This action was purportedly commenced by pro se plaintiffs Reverend Keith Leslie Cyril Mancini ("Mancini"), Joshua Santiago ("Santiago"), and Shannon Nisby ("Nisby") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Schenectady County Jail. Plaintiffs' initial submission to the Court included a five-page cover letter, dated December 29, 2018, signed only by Mancini.  Dkt. No. 1 ("December Letter").  The December Letter alleges that plaintiffs "have been deprived of federal constitutional right's [sic]" and requests permission for each of the plaintiffs to file their own separate complaint but that the complaints be filed in one single civil action.  *Id.* at 2-3.  The remainder of the initial submission from plaintiffs consist primarily of grievances drafted by Mancini, as well as responses to those grievances, concerning Mancini's conditions of confinement at Schenectady County Jail.  *See generally* Dkt. No. 1-1.

The Court received a second submission from Mancini on or about February 5, 2019, consisting of various documents that are not organized in any discernible manner.  *See generally* Dkt. No. 3.  Some of the documents in the second submission are duplicates of those previously filed at the commencement of the action, including the December Letter signed only by Mancini.  Dkt. No. 3-3 at 1-2, 4-6.

None of the documents submitted to the Court in connection with this action have been authored or signed by Santiago or Nisby.

None of the plaintiffs in this action have either paid the filing fee of $400.00 required for filing a civil action in federal court or submitted a completed and signed in forma pauperis

2

("IFP") application and Inmate Authorization Form.

**II.    DISCUSSION**

**A.    Filing Fee Requirements Generally**

A civil action is commenced in federal district court "by filing a complaint with the court." Fed. R. Civ. P. 3.  The filing fees must be paid at the time an action is commenced unless an IFP application is submitted to the Court.  28 U.S.C. §§ 1914(a), 1915(a).  Section 1915 of Title 28 of the United States Code ("Section 1915") "permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "The purpose of 28 U.S.C. § 1915 is to insure that litigants will not be deprived of access to the judicial system because of their financial circumstances."  *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)).  Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the filing fee.  28 U.S.C. 1915(a)(1).  "[T]he federal district courts are vested with especially broad discretion to deny state prisoners the privilege of proceeding IFP in civil actions against officials of the institution in which they are incarcerated."  *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983).

Section 1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . .,

obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In accordance with Rule 5.4 of the Local Rules of Practice for this Court, a prisoner seeking IFP status in a civil action may satisfy the statutory requirements by submitting a completed, signed, and certified IFP application. N.D.N.Y. L.R. 5.4(b)(1)(A). A "certified" IFP application is one on which the certificate portion, at the bottom of page two of the form, has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months. Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the local rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in Section 1915(a)(2).[1]

Section 1915 also provides that, "if a prisoner brings a civil action . . ., the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison account. In furtherance of this requirement, Rule 5.4 of the Local Rules of Practice for this Court require all inmates to submit, in addition to a fully completed IFP application, the Inmate Authorization Form issued by the Clerk's Office. N.D.N.Y. L.R. 5.4(b). The Inmate Authorization Form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate-plaintiff's obligation to pay the entire filing fee "regardless of

---

[1] Upon compliance with the filing fee requirements, the Court must consider plaintiff's request to proceed IFP in light of the "three strikes" provision of Section 1915(g) and, if appropriate, review the complaint in accordance with Section 1915(e) and/or 28 U.S.C. § 1915A.

the outcome of the lawsuit."

Although the Second Circuit has not addressed the issue, most courts have held that the fact that there are multiple plaintiffs in an action does not reduce or otherwise negate the obligation imposed on each incarcerated plaintiff to pay the filing fee under Section 1915(b)(1). *See Podius v. Federal Bureau of Prisons*, No. 16-CV-6121 (RRM)(PK), 2017 WL 1040372, at *2 (E.D.N.Y. March 16, 2017); *Ashford v. Spitzer*, No. 9:08-CV-1036 (Decision and Order filed Mar. 16, 2010, Dkt. No. 127) (holding that, in an action filed by multiple prisoners proceeding in forma pauperis, each of the six plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced");[2] *see also Razzoli v. Executive Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (holding that where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking in forma pauperis status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (holding that each plaintiff prisoner must file an in forma pauperis application and inmate authorization form) (citing cases).

---

[2] The proper application of the requirement set forth in 28 U.S.C. § 1915(b)(1) that each prisoner plaintiff who seeks IFP status be required to pay "the full amount of the filing fee" to an action brought by multiple plaintiffs was discussed at length in *Ashford*. *See Ashford* (Decision and Order filed March 16, 2012, Dkt. No. 127 at 3-9). "Absent specific instruction from the Second Circuit, and after reviewing the decisions of the various Circuits that have addressed the issue, [Judge Kahn] found that those cases concluding that prisoners may file joint actions but must each pay the full filing fee appear to be better reasoned." Ashford (Decision and Order filed March 16, 2012, Dkt. No. 127 at 9).

5

**B.    Analysis**

None of the plaintiffs in this action have filed a completed and signed IFP application or Inmate Authorization Form, nor have any of them paid the $400.00 required filing fee. Before the Court can review the complaint, each of the plaintiffs must comply with the statutory filing fee requirements for this action. Until such time as each of the purported plaintiffs pays the full filing fee or submits a completed and signed IFP application and Inmate Authorization Form, review of the complaint would be premature.[3]

Thus, for this case to proceed, each of the plaintiffs must individually, within 30 days of the date of this Decision and Order **either (a)** pay the Court's filing fee of $400.00 in full, **or (b)** submit a completed and signed IFP application in accordance with this Decision and Order **and** a signed Inmate Authorization Form reflecting their consent to pay the $350.00 filing fee over time, in installments.[4] Plaintiffs are advised that, if any one of them does not fully comply with this Decision and order within 30 days, the non-complying individual will be terminated from the docket and all claims asserted by that non-complying individual will be dismissed without prejudice without further order of this Court.

Upon full compliance with this Decision and Order, or at the expiration of the 30-day time period to comply, whichever is earlier, the complaint will be subject to review under

---

[3] It is worth noting at this juncture that neither of Mancini's two separate submissions to the Court thus far include a discernible complaint or otherwise include any information that sets forth a basis upon which the Court could conclude that a cognizable legal claim has been asserted. The documents in the submissions are disjointed and disorganized and generally provide no basis for relief. For that reason, plaintiffs are encouraged to review their submissions to-date and determine if an amended submission that includes a distinct complaint with coherent allegations is appropriate. In an effort to assist plaintiffs in this regard, the Clerk of the Court is directed to provide plaintiffs with a blank form complaint used in this District for filing Section 1983 actions.

[4] The total cost for filing a civil action in this Court is $400.000, which consists of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $50.00. A party granted IFP status is not required to pay the $50.00 administrative fee. A prisoner granted IFP status, however, is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

Section 1915 and/or 28 U.S.C. § 1915A.

III. **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiffs Mancini, Santiago, and Nisby must each individually, **within 30 days** of the date of this Decision and Order, **either (a)** pay the Court's filing fee of $400.00 in full **or (b)** submit a completed and signed IFP application in accordance with this Decision and Order **and** a signed Inmate Authorization Form reflecting his individual consent to pay the $350.000 filing fee over time, in installments; and it is further

**ORDERED** that if, within the time period specified above, Mancini, Santiago, or Nisby fail to comply with the terms of this Decision and Order delineated above, the non-compliant individual will be **terminated** from the docket and any claims asserted by that non-compliant individual will be dismissed from the action **without prejudice without further Order of this Court**; and it is further

**ORDERED** that, upon full compliance with this Decision and Order, or at the expiration of time set to comply, whichever is earlier, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** the Clerk shall serve a copy of this Decision and Order on all of the purported plaintiffs. The Clerk shall also send Mancini, Santiago, and Nisby a blank complaint form, blank IFP application, and blank Inmate Authorization Form. The Clerk shall also serve on plaintiffs any unreported cases cited to in this Decision and Order.

**IT IS SO ORDERED.**

Dated: February 7, 2019

Brenda K. Sannes
U.S. District Judge

7